CYRUS E. GREEN, Respondent, v. JOHN F. STEPHENS *et al.*, Appellants.

Kansas City Court of Appeals, December 2, 1889.

1. **Damages, Measure of:** VALUE OF PROPERTY SEIZED. In an action for the wrongful taking from and not returning to plaintiff of certain school books, the measure of damages is the value of the property at the time it was seized ; and if, after such seizure, the books were returned, then the measure of damages was the difference in their value at the time of the seizure and at the time of the return.

2. **Instructions Approved.** Instructions examined, criticised and approved, where the issue made by the pleadings was, " Did the defendants take plaintiff's goods and not return them ? "

3. **Damages:** MITIGATION OF: SEIZURE UNDER LEGAL PROCESS. In an action for wrongful taking of goods, the fact that defendant as constable attempted to attach such goods, but plaintiff while in possession recovered judgment for possession constitutes no defense but is only matter in mitigation of damages.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*B. F. Ellis* and *Thos. E. Turney*, for the appellants.

(1) The court erred in instructing the jury to find for the plaintiff. The answers set up a complete defense to the action alleged in the petition, and every allegation in the answers is proved by the testimony of two witnesses. *Twohey v. Fruin*, 96 Mo. 104, and cases cited. The plaintiff by his agreement with the constable retained possession and control of the goods levied on, and exercised absolute dominion over a part of them by selling the show cases without consulting the constable. If there was not a legal levy the plaintiff held the goods by virtue of his purchase from Hamilton & Co. If there was a legal levy he held them as agent for the constable. In either case he has no cause of action against the defendants for the value of the goods. (2) The instruction given by the court of its own motion is not only not warranted by anything in the petition or evidence, but it is also inconsistent with the only defense set up in the answers. *Raysdon v. Trumbo*, 52 Mo. 35; *White v. Chancy*, 20 Mo. App. 380.

*Thos. J. Porter*, for the respondent.

(1) There being no conflict in the evidence as to the ownership of the goods, or as to the fact that they were seized by the constable by direction of the attorney of Fible, Crabb and Todd, the court rightly instructed the jury to find for the plaintiffs. The trespass is not only admitted in the answers of all the defendants, but is proven by the constable and his assistant, Ewing. (2) The issues made by the answers of defendants do not go to plaintiff's right to recover for the trespass, but only to the measure of his damages. Plaintiff could have maintained his action for the trespass if the goods had been restored a moment after the seizure. 1 Addison

on Torts, 541. (3) The instruction given by the court of its own motion contains nothing of which defendants could justly complain. *Kreher v. Mason*, 25 Mo. App. 291. (4) The fact that respondent prosecuted his inter-plea for the attached property does not bar his action in trespass for its value. *Perrin v. Clafflin*, 11 Mo. 13; *Clark v. Brett*, 71 Mo. 473. (5) The judgment is obviously for the right party, and the judgment will not be reversed because of errors which could not injure the defendants, or where there is no evidence worthy of consideration to sustain the defense. *Billisimer v. McCoy*, 1 Mo. 318; *Chouteau v. Uhrig*, 10 Mo. 62; *Walter v. Cathcart*, 18 Mo. 256; *Pasley v. Kemp*, 22 Mo. 409; *State v. Vaughn*, 26 Mo. 29; *Otto v. Bent*, 48 Mo. 23; *Bassett v. Glover*, 31 Mo. App. 150.

SMITH, P. J.—This was a suit brought by the plaintiff against the defendants for wrongfully taking from the possession of plaintiff and not returning to him certain school books, etc. The answer was a general denial. The answer also contained the further allegation that defendant Stephens in his quality as constable attempted to attach the goods mentioned in the petition, under a certain writ of attachment in his hands, but that the said goods were not taken out of the plaintiff's possession ; that plaintiff while in the possession of said goods recovered judgment for the possession of the same in the circuit court of Clinton county, etc. There was considerable evidence introduced on both sides of the case at the trial.

The plaintiff's evidence tended to show, that the goods were seized, that they were the property of the plaintiff, that they were taken from the shelves of his store, nailed up in a box and placed in Dr. Hamilton's office, that the plaintiff was compelled to litigate his title to the property in the justice's court and follow an appeal to the circuit court from a judgment in his favor, where it pended until three or four months after he had

sold his store and that when he sold in January, or February, 1885, the constable was notified of the fact that another proprietor was in possession of the store and that the attached goods remained in Dr. Hamilton's office, that the plaintiff told the constable at the time of the seizure he would not be responsible for the goods, which were not returned to the plaintiff; that the plaintiff left the books in Dr. Hamilton's office where the constable had placed them. The show cases were never moved, but left on the counter of plaintiff's store when the constable made his levy. The witness Dr. Hamilton testified that, after plaintiff sold out his store, the constable Stephens came to him, and asked permission to let the books remain in his office, to which he consented. There was evidence by defendants which in many respects conflicted with that offered by the plaintiff. There was some evidence as to the value of the books.

The complaint made by the defendant here is that the circuit court erred in its declaration of law, given at the instance of the plaintiff.

The first of these instructions told the jury that if they believed that the constable Stephens seized the books in controversy on said writ of attachment at the request of the attaching plaintiffs, defendants here, or their attorney, and placed them in the building occupied by the plaintiff as a drug store, and that they were put there by the constable for safety and before any dissolution of said attachment, the plaintiff sold said drug stock and delivered the possession thereof to the purchaser, reserving no right of control over the same, and that the constable knew of the change of such possession of said drug store, and that there was no restoration of the property sued for by the constable, then they should assess the damages at the value of the property at the time it was seized.

The other instruction told the jury that if the constable had returned the attached property that the measure of damages was the difference in the value of the property between the time it was seized and the time it was returned, etc. The defendants make no complaint on account of the action of the circuit court in refusing their instructions.

In respect to the instructions given by the court it seems to us that no substantial objection has been pointed out to them. They were supported by evidence, or at least it cannot be said that there was no evidence upon which to base them. The rule for the admeasurement of the damages therein declared is unexceptionable.

Under these instructions the jury were authorized to find that there had been no seizure of the goods under the attachment. If they believed from the evidence that the constable had not taken the plaintiff's goods out of his possession under the attachment they were not precluded by said instructions from finding for the defendants. The issue made by the pleadings was, "Did the defendants take the plaintiff's goods and not return the same?" This was the issue with reference to which the instructions were framed, and upon which the case was submitted to the jury. There was no defense independent of the denial set up by the answer. The facts there specially pleaded were only in mitigation of the damages.

The instructions are possibly subject to slight verbal criticism, but upon an examination of the record we are unable to discover any errors committed by the trial court that have operated to the prejudice of the defendants, or that justify us in reversing the case. The judgment, we think, is for the right party, and must be affirmed.